## HARDENBURGH et al. v. KIDD, MARSH, AND REED.

The Court of Sessions, under the Constitution, can only exercise powers of a judicial
character.

The assessment of taxes is not a judicial act; it partakes of no element of a judicial
character.  It is a legislative act; it requires the exercise of legislative power, which,
for certain governmental purposes in the county, may be devolved upon a board of
supervisors, but can not be delegated to any branch of the judicial department.

The provisions of the Revenue Act of 1853 and 1854, authorizing the Court of Sessions
to assess a tax for county purposes, are unconstitutional—and the assessment made
thereunder, and a subsequent levy upon and sale of property in the enforcement of
such assessment, are void.

Property must at the time be liable for all the taxes for which it is sold; and where
property was sold at one sale for both State and county taxes, added together in a
single sum, and the county taxes were illegally levied, the entire sale was void.

APPEAL from the District Court of the Fourteenth Judicial
District, County of Nevada.

This was an action to recover possession of certain premises
situated in Nevada county, formerly the property of the Ural
Mining Company.  The plaintiffs claimed title under a sheriff's
deed, executed to them upon a sale made in September, 1855, on
an execution issued upon a judgment against the said company.
The defendant Marsh rested his defence upon a tax-deed exe-
cuted to him upon a sale made in March, 1855, for the unpaid
taxes of 1854, for State and county purposes.  The defendant
Kidd set up in his answer that the claim upon which the judg-
ment was rendered was invalid, and that the judgment was fraud-
ulently obtained; but this defence does not appear to have been
pressed.  The defendant Reed entered a disclaimer.  The case
was tried without the intervention of a jury, and the Court gave
its judgment for the defendants, holding that the tax-deed was
valid and passed the title of the company to Marsh.  From this

judgment, the plaintiff appealed, and the only question for determination respected the effect of this tax-deed.

*Winans and Dunn* for Appellant.

*Buckner and Hill* for Respondents.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

It appears, from the findings of the Court, that the property in controversy was sold for the non-payment of alleged State and *county* taxes of the year 1854. The county taxes were assessed by the Court of Sessions of Nevada county. There existed at the time no board of supervisors in that county, and it is contended by the appellant that the assessment by the Court of Sessions, and consequent levy and sale by the sheriff, were without authority and void. (Rev. Act 1853, §§ 27 and 46; Rev. Act 1854, § 84.)

The Court of Sessions, under the Constitution, can only exercise powers of a judicial character. The Legislature is incompetent to confer upon the Court any other powers. The assessment of taxes is not a judicial act; it partakes of no element of a judicial character. It is a legislative act; it requires the exercise of legislative power, which, for certain governmental purposes in the county, may be devolved upon a board of supervisors, but can not be delegated to any branch of the judicial department. (Const., Art. III and Art. VI, § 8; Burgoyne v. Supervisors of San Francisco, 5 Cal., 9.)

It follows, that the provisions of the Revenue Act of 1853 and 1854, authorizing the Court of Sessions to assess a tax for county purposes, are unconstitutional, and the assessment made by the Court in Nevada county thereunder, was void. The subsequent levy upon and sale of the property in controversy, in the enforcement of such assessment, partake of the invalidity of the original proceeding.

The decision in Robinson v. Gaar, (6 Cal., 275,) is not in conflict with the view here expressed. In that case the plaintiff sought to enjoin the collection of State and county taxes on two grounds; one of which was, that the assessment of the county taxes was made by order of the Court of Sessions, and to this it was held there were two answers: *first*, that the State taxes were fixed by law, and not assessed by the Court of Sessions, and, therefore, were not obnoxious to the objection of a want of jurisdiction in that Court; and *second*, that although the Court of Sessions had no authority to direct the assessment, still it was not a case for the interference of a Court of Chancery, as the plaintiff had a perfect remedy at law. In that case the officer had a duty to discharge in the collection of State taxes, which

were entirely independent of, and capable of separation from, the county taxes. An objection to the validity of the assessment of the latter was not permitted to delay the enforcement of the former. The present case is entirely different. Though the sheriff of Nevada might have separated the State from the county taxes, and proceeded to enforce that which was valid, and refrained from attempting to enforce the other—he did not think proper to pursue that course. He sold the property in controversy, for both State and county taxes, added together in a single sum, and it is impossible to discriminate between that portion sold for State and that portion sold for county taxes. The entire sum is the consideration of the deed, and this being void in part is void in whole. · The property must at the time be liable for all the taxes for which it is sold, for it is impossible to separate and distinguish between them so that the act may be in part valid and in part invalid. (Blackwell on Tax Titles, 192; Elwell v. Shaw, 1 Greenl., 339; Drew v. Davis, 10 Vt., 506; Doe v. McQuilken, 8 Black., 335; Kemple v. McClelland, 19 Ohio, 324.)

In Huse v. Merriam, (2 Greenl., 377,) the excess in the assessment was only eighty-seven cents, and the Court, per Melden, C. J., said: "Although the excess, in the case before us, is very small, it makes the assessment void. If the line which the Legislature has established be once passed, we know of no boundary to the discretion of assessors."

Judgment reversed, and cause remanded.