## K. P. RAILWAY CO. v. COMM'RS OF ELLIS CO., et al.

ASSESSMENT OF RAILROAD PROPERTY; *Powers of County Board; Correcting Assessments.* The proceeding under section 65 of the tax law of 1868, is not a judicial proceeding, but one in assessment, and an exercise of the legislative power of the state. And the fact that witnesses were not sworn, and testimony taken, as upon a trial, does not invalidate a proceeding had thereunder.

*Error from Ellis District Court.*

ON the 1st of May 1875, the *K. P. Railway Company* made out and returned to the county clerk a sworn statement

of its property subject to taxation for the year 1875, in Ellis county, stating the kind and value of each class of property, as required by law. The aggregate value of all its property, as returned by the plaintiff, was $163,510.37. This amount was increased by the *Board of County Commissioners* to $278,375.17, and so certified to the state board of equalization. This latter board readjusted this valuation, and fixed the value of the property subject to taxation at the sum of $264,953.01, and at this valuation it was assessed and placed on the tax-roll for 1875. On the 1st of April 1876, the *Railway Company* commenced its action against the *Board of County Commissioners*, and *George Bardsley*, sheriff, for the purpose of restraining the collection of a part of the taxes assessed against its property in Ellis county for the year 1875. A temporary restraining order was granted by the district court; and afterward, at the April Term 1876, judgment was rendered, dissolving the temporary injunction. The plaintiff brings the case here to obtain a reversal of that judgment.

*J. P. Usher*, and *C. E. Bretherton*, for plaintiff, contended, that proceedings under § 65 of the tax law of 1868, are judicial, not executive, and cited 6 Kas. 408; 8 Kas. 287; 16 Kas. 594. Where the law confers on a board the powers of a court of justice to summon witnesses, etc., such a board must proceed on notice and evidence, in a judicial manner, and cannot arrogate to itself the uncontrolled discretion of an executive body. 58 Mo. 379; 1 Greenl. Ev., § 364.

*John Martin*, and *D. C. Nellis*, maintained, that the board of county commissioners has the power to increase the value of the *right-of-way* and *telegraph line* of the plaintiff in error, in Ellis county, and that this power was properly and legally exercised. (Laws of 1874, ch. 96; Laws of 1875, ch. 123. The Tax Law of 1868, § 65.) Such power may be executed by both the county clerk and the board of county commissioners; 6 Kas. 403; 16 Kas. 587. That the acts

38—19 KAS.

of the county board in tax proceedings are not judicial, is decided in 6 Kas. 500.

The opinion of the court was delivered by

BREWER, J.: This was an action to restrain the collection of taxes, and the case turns on the action of the commissioners in raising the assessment of plaintiff's property. The company received notice of the meeting of the commissioners, and appeared. The finding of the court as to such action is in these words:

"Said increase was made upon the personal knowledge of the members of the board of equalization, and upon their statements made outside of said meeting to each other, but at previous meetings, and upon the returns of plaintiff for previous years, showing a much larger assessment continuously from 1870 to 1875, but there was no evidence of any kind introduced at the meeting of said board on the 19th of July 1875, and nothing was done at said meeting of said board except what is shown by the minutes of said meeting, which are recorded in the records of the board of county commissioners of said county, and a copy of which minutes is attached to the petition in this case, marked "BB;" and the members of said board at said meeting made no statements as to the value of any of said property, nor will said returns of plaintiff for previous years introduced in evidence at said meeting."

So much of the minutes referred to as bears upon the question is in these words:

"Agreeable to the request of the board, the K. P. Railway Company represented itself at this meeting by its agent, Mr. Colton. The board proceeded to examine the return of property as made by the Kansas Pacific Railway Company for the purpose of assessment. Mr. Colton answered all questions put to him relating to the returned valuation of the property of said K. P. Railway Company, and asserted that in his opinion the valuation as returned by the officers of the aforesaid company was a true and correct valuation of the property owned by said company, and required by law to be listed for the purposes of taxation.

"Mr. Watson moved to raise the assessment of track, road-bed, right-of-way, ties, and iron, from the valuation as re-

turned by the K. P. Railway Company to $7,500 per mile, which motion was lost—Mr. Phillips and Mr. Keach voting nay.

"Mr. Watson then moved it be raised to $7,000 per mile, which was also lost—Messrs. Phillips and Keach voting nay.

"Mr. Watson then moved it to be $6,500 per mile, which was carried—all voting yea."

Upon this counsel for plaintiff in error state in their brief:

"Were these proceedings in conformity with the statute? If the functions of the county board were in the nature of assessment, we concede they could act on their own knowledge; if judicial in their nature, they could not. The knowledge of the court is one of the kinds of evidence, but one that is restricted by law within certain limits, which are usually described as comprising matters of which a court takes judicial notice, as of officers' signatures, seals of court, laws, etc., etc. Beyond those limits the court cannot act on facts which it knows to be true, unless testimony or extraneous evidence is submitted to the same effect by one of the parties in due legal form."

Accepting this statement as correct, and we think that the action of the county board must be sustained. The proceedings before the county commissioners were not judicial, but in assessment. Section 65 of the tax law under which these proceedings were had, provides simply for the correction of an assessment. It prescribes notice to the taxpayer as a condition of valid action; but such notice does not turn the proceeding from one in the nature of an assessment, into a judicial inquiry. Indeed, unless the legislature had prescribed notice, it is doubtful whether any were essential. Correcting an assessment, is no more of a judicial act than making the assessment originally. True, it involves a determination; but so does almost every political or executive act. But it is not a judicial determination. The most that can be said is, that it is *quasi* judicial. The case of *The Auditor v. A. T. & S. F. Rld. Co.*, 6 Kas. 500, is directly in point. There it was held that appeal would not lie from an original assessment to this court, because such assessment was the exercise of a legislative power. The county board, sitting as a board of equalization of real-estate assessments,

raises the valuation of some tracts, and lowers that of others. It thus corrects the assessments. But is it then acting in a judicial capacity? Clearly not. What difference between its action then, and in a case like the present? Each is merely the correction of assessments — the one of real, the other of personal property; the one upon general notice by advertisement, and the other upon direct and personal notice to the individual. In each case testimony may be taken, but the proceeding is not invalidated by a lack of it. This question was not raised in the case of *Lappin v. Comm'rs Nemaha County*, 6 Kas. 403, and that case is not therefore authority against the views herein expressed.

This disposes of the case. As no tender was made of amount unquestionably due for taxes, it is unnecessary to consider any matter of alleged mistake. The judgment will be affirmed.

All the Justices concurring.