# CHARLESTOWN.

## BRATT *v.* MARUM.

Submitted September 9, 1884—Decided September 27, 1884.

1. An appeal from the judgment of a justice, which under the law is tried *de novo* in the appellate court, is a continuation of the same action.   (p. 655.)

2. A declaration upon a detinue-bond executed under section 1 of chapter 102 of the Code, which does not allege, that the plaintiff in the action of detinue had possession of the property after the bond was executed, is fatally defective.   (p. 656.)

The facts of the case are stated in the opinion of the Court.

*M. H. Dent* for plaintiff in error.

*J. Barton Payne* for defendant in error.

JOHNSON, PRESIDENT:

John F. Bratt brought an action of debt on a bond with collateral condition in the county court of Preston county against D. P. Marum, W. M. Dent and H. M. Grimes. The declaration alleges, that on June 12, 1878, the defendants made their certain writing obligatory sealed with their seals, &c., describing it, which had a condition thereunder written to the following effect: "The condition of the above obligation is such that whereas the said David P. Marum has instituted an action before Eugene McGinnis, a justice of the peace of Preston county, State aforesaid, to recover the possession of one gray horse of the value of one hundred dollars from the said Bratt, who holds the same as deputy-sheriff of said county by virtue of tax-receipts against Calhoun and Evans; and whereas the said Marum desires to have immediate possession of said horse; now therefore, if said Marum shall pay all costs and damages, which may be awarded against him or sustained by any person by reason of such suit, and shall have the said horse forthcoming to answer any judgment or order of the justice respecting the same made at any time during the pendency of the action, then the above obligation to be void, otherwise shall remain in full force and virtue." And the said plaintiff in fact saith that after making the said writing obligatory, to-wit, on June —, 1878, the said justice, Eugene McGinnis, proceeded to try the said action then pending before him, to-wit, the action of detinue brought by the said David P. Marum against the said John F. Bratt to recover the possession of the said gray horse, and upon the trial of the said action ordered that the said Marum retain the possession of the said horse, &c.; but subsequently, to-wit, on the —— day of ———, 1878, within the time prescribed by law, upon the application of the said Bratt, the said Justice McGinnis, as the law prescribes, ordered that the said John F. Bratt be allowed an appeal to the county court of Preston county, he having given the bond required by law; and the said action of detinue wherein the said John F. Bratt was appellant and the said David P. Marum was appellee in the county court of the said county of Preston on the —— day of September, 1878, at which trial the said appellant, John F. Bratt, and the said appellee, David P.

Marum, appeared by counsel, and a jury having been sworn to well and truly try the said action, and after hearing the evidence, &c., returned a verdict for said appellant, John F. Bratt, to-wit, that the said appellant recover from the said appellee the said horse, in the warrant mentioned, or the value thereof, to-wit, sixty dollars; and upon which said verdict the said court for the county aforesaid gave judgment, to-wit, on the —— day of September, 1878, to-wit, that the said appellant recover from the said appellee the said horse, in the said warrant mentioned, if the said horse may be had, and if not, sixty dollars, value thereof, with interest thereon from the 10th day of September, 1878, and costs, which costs amount to the sum of fifty-three dollars and sixty cents; nevertheless," &c.

To this declaration the defendant demurred, which demurrer was by the court overruled, and on April 19, the case was tried before a jury, and when the plaintiff's evidence was all introduced, the defendant demurred to the evidence, and the jury found a conditional verdict in favor of the plaintiff against the defendant for one hundred and twenty-two dollars and ninety-nine cents. The plaintiff joined in the demurrer to the evidence, and the court gave judgment on said demurrer for the amount so found by the jury with interest and costs.

The defendant also objected to the introduction of certain evidence to the jury, which objection the court overruled and permitted the evidence to go to the jury and the defendant excepted.

To the judgment the defendant obtained a writ of error and *supersedeas.*

It is insisted here that the demurrer to the declaration ought to have been sustained; that the obligors in the bond were discharged, when the justice in the action of detinue decided for defendant; that the law does not contemplate that the obligors on such a bond can be held liable, because on appeal the judgment of the justice was reversed.

The Code of West Virginia chapter 102, provides in section 1 that if the plaintiff in an action of detinue desires to have immediate possession of the property, for the recovery of which the action is brought, he may make and file an

affidavit stating the kind, quantity and value of the property claimed in the action, and that affiant verily believes he is entitled to recover the same therein; he shall also execute a bond with good security to be approved by the clerk or justice, in a penalty at least double the value of the property claimed, payable to the defendant with condition to pay "all costs and damages, which may be awarded against him, or sustained by any person by reason of such suit, and to have the property so claimed forthcoming to answer any judgment or order of the court or justice respecting the same, made at any time during the pendency of the action," and shall file such bond with the clerk or justice. Section 4 provides, that after such bond is executed, the officer is required to hold such property three days, within which the defendant may have the property returned to him by executing to the plaintiff a bond of like character. If at the end of three days the defendant has not delivered such bond to such officer, the officer is required to deliver the property to the plaintiff who has executed such bond. This chapter wholly devoted to this subject says nothing about an appeal; but this was unnecessary, as another chapter does provide for an appeal in such cases.

There has been much controversy as to whether an appeal was a continuation of the same action or constitutes a new one. In *Bailey* v. *McCormick*, 22 W. Va. 103, Judge Green delivers the following dictum, which we now hold to be law. He says: "It is true, that what are perhaps most properly called appeals are a continuation of the original case, when the case is tried *de novo* in the appellate court, and new evidence and pleadings allowed, as in an appeal from the judgment of a justice." An appeal from the judgment of a justice, which in the appellate court is tried *de novo*, is a continuation of the same suit; and the Legislature did not intend, that the liability of the obligors in a detinue-bond executed under section 1 of chapter 102, should cease with the judgment of the justice. It is a part of the condition of the bond, that "they shall pay all costs and damages that shall be awarded against the principal or sustained by any person by reason of such *suit.*" It is not a question in this case; but I have no doubt that such a suit for the purpose of holding the

obligors in such a bond liable would be deemed contined on writ of error, if the action were brought in a court of record. If this were not so, great injustice might result from allowing the property in an action of detinue upon the execution of such a bond to be delivered before judgment to the plaintiff in the action.

But the declaration in this case is fatally detective in this, that it does not allege, that by reason of the execution of such bond the horse was delivered to the plaintiff in the action. From anything that appears in the declaration, the plaintiff might have acquired possession of the horse in some other way. It might have broken from the enclosure of the officer and been found at large by the plaintiff and taken into possession by him. Nor indeed does the declaration allege that the plaintiff had possession of the horse at all. For this defect the judgment must be reversed.

But the defendant in this action objected to the introduction of the bond in evidence, because it ought to have been filed with the justice, and he should have had only a certified copy of it. There is nothing in this objection. If he procured the bond from the justice in any manner, even if he obtained it improperly, that would not make it illegal evidence. But under the pleadings, the plea of defendant being "condition performed," the introduction of the bond was unnecessary, as the plea admitted its execution. (*Riddle* v. *Core*, 21 W. Va. 530.)

But the defendant also excepted to the introduction of copies of orders from the county court. The only objection that could have been taken to the introduction of the orders is, that they are not authenticated. There is no certificate of the clerk of the county court, that such orders were entered in the case; but, as the bill of exceptions states that the orders were copies, it must be assumed they were properly authenticated. The abstract of the judgment was immaterial; but it did not prejudice the defendant. The execution was properly admitted. The demurrer to the evidence will not be considered, as it is wholly unnecessary, as there must be a new trial in the case.

For the foregoing reasons the judgment of the circuit court is reversed with costs to the plaintiff in error; and

this case is remanded with leave to the plaintiff to amend his declaration.

REVERSED.    REMANDED.