# WHEELING.

P. C. &. ST. L. R'Y. Co. *v.* BOARD OF PUBLIC WORKS *et al.*

Submitted June 25, 1886.—Decided July 7, 1886.

1. The action of the circuit court in supervising the decision of the board of public works as to the assessment and valuation of railroad property for taxation under the provisions of chap. 52, Acts 1883, is merely administrative and not judicial—the court acting in such case as an appellate assessment or tax tribunal and exercising powers distinct from those belonging to it as a court or judicial tribunal in the legal sense of that term. (p. 267.)

2. Under our Constitution the Supreme Court of Appeals of the State has no power to review by writ of error or appeal the decisions or orders of inferior tribunals, officers or boards as to matters which are simply administrative, executive or legislative and not strictly judicial in their nature, except where such power may be expressly conferred by the Constitution. (p. 270.)

3. This Court has no jurisdiction to review by writ of error a decision of the circuit court correcting an order of the board of public works assessing and fixing the value of railroad-property for taxation. (p. 271.)

4. The second point of the syllabus in *Low* v. *County Court*, 27 W. Va., 785 is overruled. (p. 272.)

*J. C. Palmer* and *J. Dunbar* for plaintiff in error.

*Alfred Caldwell*, Attorney-General, for defendant in error.

SNYDER, JUDGE :

The Pittsburg, Cincinnati and St. Louis Railway Company in the year 1885, under the provisions of ch. 52 Acts 1883, made a return of its property subject to taxation in this

State to the Auditor, who laid the same before the board of public works. The return fixed the total value of said property in the county of Brooke at $109,720.00. The board of public works deeming said return unsatisfactory proceeded to ascertain the value of said property and fixed the value thereof in said county at $424,720.00. This increased valua- tion was made by adding to the $109,720.00, returned by the railroad company, the sum of $315,000.00, being the value fixed by the board on that portion of the railroad bridge of the company across the Ohio river at Steubenville within the said county. Soon after the action of said board the railway company filed its petition in the circuit court of Brooke county praying an appeal from the decision of said board and asking that the company might be exonerated from the pay- ment of taxes assessed upon said $315,000.00 ; and thereupon the judge of said court made an order requiring notice thereof to be given to the said board of public works, to the county court of said county and to the board of education of Cross creek district in said county.

On March 1, 1886, the State by the Attorney-General, and the county court and the board of education of Cross creek district by the prosecuting attorney of said county, appeared and filed answers to said petition in said court, to which the railway company replied generally.

The said court, after having heard the evidence adduced and the argument of counsel for the respective parties, on March 19, 1885, entered an order or judgment fixing the true value of the property of said company in said county for the year 1885 at the aggregate sum of $259,720.00 instead of the said sum of $424,720.00. To this judgment of the court the railway company excepted, and upon its motion the court signed a bill of exceptions making all the evidence heard on the trial a part of the record.

Upon the petition of the railway company a writ of error and *supersedeas* to said judgment was allowed by one of the judges of this Court.

It is insisted by the Attorney-General for the State, that a writ of error does not lie to this Court from any judgment or order of the circuit court in a proceeding of this nature, even if the circuit court had jurisdiction to make the order, which

he likewise questions.   The first question then to be determined is the one of jurisdiction thus presented.

The circuit court having taken jurisdiction, and the railway company, the plaintiff in error, having brought the case to this Court to review the action of that court, it is not in a position to question that jurisdiction.   And the defendant in error, being before this Court insisting that it has no jurisdiction in this case, is likewise precluded from questioning the jurisdiction of the circuit court or asking us to pass upon that question in this case; for, if we have no jurisdiction ourselves, we have no power to pass upon that question or any other matter except the one relating to our jurisdiction.   And the only order we can make in the case, if the claim of the defendant in error is sustained, is an order dismissing the writ of error.   It is, therefore, unnecessary for this court to consider whether or not the circuit court had jurisdiction, except so far as such consideration may be involved in the determination of our own jurisdiction or want of jurisdiction.

The writ of error according to the common law lies only to remove a cause from a court of record of competent jurisdiction to an Appellate Court.   (3 Story Const. § 1721). . It does not lie to review the proceedings of a court or tribunal not of record.   The orders or proceedings of such tribunals are, when reviewable, generally reviewed by writ of *certiorari.*  The writ of error must be not only from a court of record, but it must be from a judgment of such court rendered in a judicial proceeding, a judgment founded upon a judicial determination of a controversy in a suit or action *inter* parties.   And it does not lie, even from a court of record, when the order or judgment of such court sought to be reviewed is simply an *ex parte* or administrative order or proceeding.   Such order and such proceedings, when reviewable, are likewise the subjects of a writ of *certiorari,* and they are never reviewable by writ of error.   That such are the limits and uses of the writ of error is elementary law and too well settled to admit of controversy or argument.

It becomes important therefore to inquire whether or not the order or judgment of the circuit court, sought to be reviewed by writ of error in this case, was made in a judicial

proceeding; and whether it is the determination and result of the action of that court acting in its judicial capacity or simply an *ex parte* or administrative order made by the judge of said court in a legislative or executive capacity.

The statute, under which the said proceeding was had, after declaring the manner in which the board of public works shall ascertain and fix the assessable value of the property of railroad corporations, provides that "the decision of said board shall be final, unless the same be appealed from within thirty days after such decision," &c. "Any corporation claiming to be aggrieved by any such decision may, within the time aforesaid, appeal therefrom as to the assessment and valuation, made within each county through which its road runs, to the circuit court of such county. * * * The court shall hear all such legal evidence on such appeal as may be offered by the State, county, district or municipal corporation, and by the corporation or company taking such appeal. And if the court be satisfied that the value so fixed is correct, it shall confirm the same; but if it be satisfied that the value so fixed by said board is either too high or too low, the court shall correct the valuation so made, and ascertain and fix the true value of such property according to the facts proved, and certify such value to the auditor." (Ch. 52, Acts 1883, p. 76.)

It will not be claimed, that the board of public works acts as a judicial tribunal in ascertaining and fixing the valuation of the property of the company under the statutes. It simply acts as assessor in such cases, just as the county-assessor does in assessing the property of individuals. The acts in both instances are merely ministerial, and they are judicial in no proper sense of the term.

The statute provides that, upon appeal from the finding or decision of the board of public works, the circuit court may either confirm said decision or proceed to make a new and true assessment of the value of the property. No provision is made for summoning the parties before the court. Provision is made for hearing the evidence adduced by the parties; but the board of public works may also hear evidence, and it is required to base its judgment upon all the information and evidence it may be able to procure. The whole scope and purpose of the statute, it seems to me, is to

make the court simply an assessor to review the action of the board of public works, and if dissatisfied with said action it may make a new assessment and fix the true value of the property. The action of the court is of the same character, with the same elements of discretion and judgment as that possessed by the said board, and none other. Both act according to the evidence attainable and according to their best judgment and discretion. It is true the judgment of the court must succeed that of the board and is in review of the latter, but that does not alter the nature of the act to be performed. Both act as assessors, and their acts are plainly ministerial and not judicial.

The fact, that a ministerial act is performed by a court, does not change the nature of the act and make it judicial. In *McClure* v. *Maitland*, 24 W.Va. 561, this Court decided, that orders and decrees of the circuit court, entered in proceedings for the sale of forfeited lands for the benefit of the school fund, are merely ministerial or administrative acts and in no manner judicial, and that therefore no appeal would lie from such orders and decrees to this Court. And in a similar case this Court held, that, where the statute made no provision for bringing parties before the court, the simple fact, that the court did summon them as parties to the proceeding and bring them before it, did not make them parties or entitle them to appeal to this Court. (*Auvil* v. *Iaeger*, 24 W. Va. 583).

By the statutes of the State of Michigan the auditor-general makes the assessment of the property of corporations, which under our statute are made by the board of public works; and by the fifth section of Act No. 57 of 1872 of the laws of Michigan it is provided that, " In any case such corporation shall be dissatisfied with the estimate so made by the auditor-general, it may appeal therefrom to the circuit court for the county   *   *   *   within thirty days after receiving notice of such estimate." Then, after requiring the corporation to give bond for costs, &c., the act proceeds thus : " Upon filing with the clerk of said court said appeal, specifications and bond, such court shall proceed to the trial and determination of the same according to the rules of law, allowing a trial by jury, of all the questions of fact, in cases

where such trial may be proper, and questions of law may be carried to the Supreme Court." This act also requires notice of such appeal to be served on the attorney-general of the State.

Upon a writ of error under the provisions of this statute, Cooley, chief justice of the supreme court of Michigan, announced the following opinion, which was concurred in by the other justices: "The writ of error in this case must be dismissed. The proceedings had in the court below were on appeal from an assessment of taxes made by the auditor-general. The appeal to that court was taken under act No. 57 of 1872 (S. L. vol. 1, p. 89), and the proceedings under that act were evidently not intended to be judicial in the proper sense of that term. The statute was evidently designed to make the circuit court an appellate tax tribunal and nothing more. Its conclusion would not be a judgment, but only an assessment. There are difficulties in giving effect to such a statute, but we do not think it expedient to consider them in this proceeding, of which we clearly have no jurisdiction." (*Auditor-General* v. *Pullman Palace Car Co.*, 34 Mich. 59).

This case is nearly identical with the one at bar, except that the Michigan statute required the attorney-general to be notified of the appeal and in express terms authorize "questions of law to be carried to the Supreme Court," while our statute contains neither of these provisions.

A statute of the State of Ohio provided, that the auditor of State with the advice of the attorney-general "shall decide all questions which may arise as to the true construction of this act, or in relation to any tax levied, or proceeding under the same, subject, however, in all cases to an appeal to the Supreme Court." (50 Ohio L. 166). Upon an appeal to the supreme court of Ohio under the provisions of said statute that court dismissed the appeal for the want of jurisdiction to hear it. In the opinion delivered in that case the court says: "With reference to the statute itself it may be remarked, that it does not purport to clothe the auditor of State with judicial powers and functions; it imposes no new or additional duty upon him; for in the exercise of the duties of his office as auditor of State the decision of all questions arising under the law affecting his official obliga-

tion would necessarily devolve upon himself in the first place; and it is by his own decisions, guided by the best lights around him, that his official action must always be regulated; subject, of course, to such rules as may have received judicial sanction. But this law authorizes him to go no further. He can render no judgment against any party, and is powerless to enforce any judgment. He has not, in fact, undertaken to pronounce any judgment, and the appellate jurisdiction of this court only extends to the judgments or decrees of an inferior court. * * * Inasmuch, therefore, as the auditor of State can in no sense be considered as having exercised any judicial functions in the premises, and as we have no idea of an appeal, except from one court to another, this proceeding must be dismissed for want of jurisdiction." 1 Ohio St. 433.

I have been unable to find any decision, in which the subject was considered by the court, in conflict with the foregoing authorities, but on the contrary many cases in support of the doctrine declared in them, among which are the following: *Auditor* v. *The Atchison T. & S. T. Railroad Company*, 6 Kan. 500; *San Jose Gas Campany* v. *January*, 57 Cal. 614; *Van de Griff* v. *Haynie*, 28 Ark. 270; *K. P. Railway* v. *Commissioners Ellis County*, 19 Kan. 584; *Hardenburg* v. *Kidd, &c.*, 10 Cal. 402; *Turner* v. *Althans*, 6 Neb. 54; *Republic Life Insurance Company* v. *Pollack*, 75 Ill. 292; Cooley on Const. Lim, 34, 36.

These authorities establish beyond the propriety of controversy, that the action and decision of a designated officer or board, whether the same be a court or other body, in reviewing and correcting an assessment of corporate or other property for taxation, are no more judicial acts than the acts of the officer or authority making the original assessment. They also show, that the decision or finding of such officer or board, even if the same be a court or other judicial tribunal, is not such a judicial act or judgment as can be reviewed by a supreme or appellate court possessing judicial powers only, although the statute may in express terms authorize such appellate court to review such finding or judgment.

It is a plain proposition, that the Constitution of this State confines the jurisdiction of this Court exclusively to judicial matters. It possesses both original and appellate jurisdiction,

but by the very terms of the constitution all of its powers, whether of the one class or the other, are wholly and exclusively judicial, and the legislature has no authority to confer upon it jurisdiction of any other or different character. Any other construction of the Constitution would enable the legislature to confer executive or legislative powers upon this Court and thus unite the executive or legislative and the judiciary departments of the State-government in the same person, which is positively forbidden by the fifth article of our Constitution.   But the legislature has not attempted to confer any such power upon this Court in reference to the subject now under consideration.   It has not authorized any appeal or writ of error to this Court from the action and decision of the circuit court in proeedings of this nature.   And, as we have seen, the jurisdiction of the circuit court, if it exists at all, is simply administrative and not judicial ; that court acting merely as an appellate assessment or tax tribunal and exercising a power entirely different and distinct from that which legitimately belongs to it as a court or judicial tribunal in the legal and proper sense of the term, it conclusively follows therefore, that this Court has no jurisdiction by writ of error or otherwise to review the order or judgment of the circuit court entered in this proceeding.

The same conclusion was reached by this Court in cases of assessments of the property of individuals.   In *Low* v. *County Court*, 27 W. Va. 785, we held, that " No appeal lies from a judgment of a county court rendered under sec: 7 ch. 32, Acts of 1882, refusing to correct the assessed valuation on land."   In that case, however, it was held that an appeal would lie under sec. 94 of ch. 161 Acts 1882," from a judgment of a county court refusing to correct an assessment, *when it is claimed that the property assessed with taxes is not chargeable therewith.*"   Reference to said sec. 94 will show that, while it in terms authorizes an appeal to the circuit court refusing to make the correction asked by the applicant, it makes no reference to appeals from the circuit court to this Court.   In the opinion delivered in that case this language occurs :   " This may justly be regarded as properly brought under sec. 94 ch. 161 Acts 1882, and having been decided adversely to them by the county court of Lincoln

county, an appeal lay therefrom to the circuit court of Lincoln and from that court to this, as the "amount in controversy exceeds $100.00." (27 W.Va. 787-8). It seems, therefore, that jurisdiction in that case was grounded upon the fact that "the amount in controversy exceeds $100.00." This, it seems to me, was an error. It does not appear from the report, that any stress was given to the consideration of the question of jurisdiction in that case. It seems to have been assumed that the proceeding was judicial and involved a controversy between parties—that is, that it was a civil action or suit in which more than $100.00 was in controversy. This, I think, was an unauthorized assumption which led to an erroneous conclusion.

The principles announced and the authorities cited in the preceding part of this opinion establish, it seems to me, beyond question, that the proceedings in that case were no more judicial than they were in the case at bar, and that therefore this Court was without jurisdiction to hear that case by appeal or writ of error. As we are always more anxious to be right than to be consistent, and never willing to persist in error against our convictions, we frankly overrule the proposition contained in the second point of the syllabus in said case of *Low* v. *County Court*, 27 W. Va. 785. In thus acting we are not without precedent. (*Dillard* v. *Tomlinson*, 1 Munf. 183, 199; *Davis* v. *Turner*, 4 Gratt. 422, 471; *Hilb* v. *Peyton*, 22 Gratt. 550, 571; *Galton* v. *Hancock*, 2 Atk. R. 438). In *Bedinger* v. *Commonwealth*, 3 Call 461, 472, the Court of Appeals of Virginia disclaimed a jurisdiction, which it had exercised in many former instances, and thereby overruled its former decisions.

For the reasons hereinbefore stated I am of the opinion, that this Court has no jurisdiction to review the action of the circuit court complained of by the plaintiff in error in this proceeding, and that therefore this writ of error must be dismissed as having been improvidently awarded.

DISMISSED.