# CHARLESTON.

A. P. EDGAR, *Admr., etc. v.* GRANT P. HALL, *Tax Com'r.*

### (No. 5468)

Submitted March 23, 1926.   Decided March 30, 1926.

TAXATION—*Decision of Circuit Court, on Appeal From Assessment of Tax Commissioner of Inheritance or Transfer Tax, in Which Taxability of Property is Involved, Cannot be Reviewed by Appellate Court, Unless Amount of Tax is $100.00 or More (Code, C. 33, §§ 1, 2b, 20, chapter 135, § 1; Const. art. 8, § 3).*

The decision of a circuit court on appeal from an assessment of the tax commissioner of an inheritance or transfer tax, as provided in Sec. 20, Chap. 33, Code, where the taxability of the property is involved, cannot be reviewed by the appellate court unless the amount of the tax assessed is $100.00 or more.

HATCHER, WOODS, JUDGES, absent.

(Courts, 15 C. J. § 568.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Pocahontas County.

From the assessment by Grant P. Hall, Tax Commissioner, of an inheritance tax on the estate of R. L. Wank, deceased, A. P. Edgar, the administrator, appealed to the circuit court, and, from its judgment sustaining a demurrer to his petition and dismissing it, he appeals.

*Appeal dismissed.*

A. P. *Edgar,* for appellant.
John T. *Simms,* for appellee.

LIVELY, JUDGE:

R. L. Wank of Pocahontas County died intestate in 1925, leaving as his heirs and distributees a widow, 5 brothers and sisters, 13 nieces and nephews, and 10 grand-nieces and nephews. Appellant Edgar qualified as his administrator. The estate distributable amounted to $2,050.00. The distributive share of the wife was $433.55; to each of the brothers and sisters, $161.45; to certain nieces and nephews, $80.82 each; to certain other nieces and nephews, $32.25 each; to. one grand-nephew, $32.25, and to other grand-nephews and nieces, $8.08 each. The tax commissioner assessed an inheritance or transfer tax of $80.82, composed of 4% of $808.25 distributable to the brothers and sisters as a class, and 6% on $808.25 going to the nephews and nieces as a class. The administrator appealed from the assessment to the circuit court by petition as provided in Sec. 20, Chap. 33, Code 1923, and upon the hearing the court sustained a demurrer to the petition interposed by the tax commissioner, and dismissed the petition by order entered June 15, 1925. This appeal followed.

The contention of appellant is that no tax was assessable, because the distributive shares to the classes of persons named did not amount to as much as $500.00; whereas the contention of the tax commissioner is that the tax is assessable against the entire estate, subject to the exemptions named in the act. The parties differ in the interpretation of Sec. 1 of Chap. 33, Code, the act relating to taxes on collateral inheritances, devises, distributive shares and legacies, which says, ''A tax, . . . shall be imposed upon the transfer, in trust or otherwise, of any property . . . of five hundred dollars or more if such transfer be (a) By will or by laws of this state regulating descents and distributions . . .'' Appellant claims that no tax can be levied unless the portion of the estate which passes to a distributee is $500.00 or more; while the tax commissioner has interpreted the statute to authorize a tax on the transfer of the estate considered as a whole, subject to the exemptions set out in Sec. 2b of the act. The circuit court sustained the tax commissioner's interpretation. Thus the question of law is concisely presented.

At the threshold we are met with a motion by the tax commissioner to dismiss the appeal for want of jurisdiction to entertain it; the amount in controversy being $80.82. Our appellate jurisdiction is set out in Sec. 1, Chap. 135, Code, and in Sec. 3, Art. 8, Constitution; and by inspection thereof it will be seen that while we have jurisdiction of cases relating to the public revenue, it is restricted by the amount involved. The questions involved in such cases are purely monetary. Where there is an appeal from the action of the assessor, county court, or board of equalization as to the assessed value of the property listed for taxation, the decision of the circuit court is not judicial and no appeal lies to this court. *Mackin* v. *County Court,* 38 W. Va. 338; 18 S. E. 622. But where the appeal involves the liability or non-liability of the property to taxation the judgment of the circuit court is judicial and an appeal lies to this court, when the taxes levied amount to $100.00 or more. *Copp* v. *State,* 69 W. Va. 439, 71 S. E. 580; *Bridge Co.* v. *County Court,* 41 W. Va. 658, 24 S. E. 1002. The constitutionality of the act is not attacked; and our jurisdiction to review is limited by the amount involved, which being less than $100.00, prevents the appeal. The inheritance tax statute provides for an appeal from the tax commissioner's assessment to the circuit court, but does not authorize further appeal; and even if it had done so an appeal could not be entertained if the finding was purely ministerial and not judicial.

If a tax valuation be made in due course it is final, unless there is an appeal or means of redress specially provided, and when that redress or appeal has been resorted to without avail, the courts cannot give relief. Taxation and the methods of collecting the tax imposed are purely legislative, and will not be interferred with unless the fundamental law be violated, or there be departure from the statutory method. Cooley on Taxation 528. Of course, if the property be non-taxable, an appeal to the courts will lie, and to this court if the jurisdictional amount be involved, as above stated.

We conclude that we have no jurisdiction of this case because the amount involved is less than $100.00, and will dismiss the appeal as improvidently awarded. While the ques-

tion involved is one of public interest and ought to be settled, we must have a case within our jurisdiction before it can properly be done.

*Appeal dismissed.*