THE STATE OF MISSOURI at the relation of T. J. BRAS-WELL, Prosecuting Attorney of Oregon County, Respondent, v. S. C. TUCKER, Mayor of the City of Thayer, Missouri, Appellant.

St. Louis Court of Appeals, March 8, 1892.

1. Validity of Incorporation of Village: METES AND BOUNDS. The order of a county court for the incorporation of a village, pursuant to statute (R. S. 1889, sec. 1666) is void. if it does not properly describe the metes and bounds of the village, such description being essential to the validity of the incorporation.

2. Invalid Incorporation of Village: TRANSFORMATION INTO A CITY OF THE FOURTH CLASS. When the order of the county court for the incorporation of a village is void for uncertainty in the designation of the metes and bounds, it is not necessary to have the village disincorporated under the statute, in order to enable its inhabitants to incorporate as a city of the fourth class in the manner prescribed by statute (R. S. 1889, sec. 977) for the incorporation of an unincorporated town.

*Appeal from the Oregon Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED (*with directions*).

*James Orchard* and *Alf. Harris*, for appellant.

*J. H. Tribble* and *T. J. Braswell*, for respondent.

THOMPSON, J.—This was an information in the nature of a *quo warranto* against S. C. Tucker to oust him of the office and franchise of mayor of the city of Thayer, on the ground that the so-called city of Thayer had never been legally incorporated as a city of the fourth class. There was a trial and judgment of ouster, from which the defendant prosecutes this appeal. Although no other officer of the supposed city of Thayer was impleaded as defendant, yet the judgment of the court not only ousts the defendant from the office of mayor of said city, but also dissolves the organization of the city itself. The grounds of the judgment, as shown in the recitals of the entry thereof, are that the town of Thayer had been previously incorporated by the county court of Oregon county as a village, and that it had never been legally disincorp, rated, but that a pretended order of the county court disincorporating it was void for want of jurisdiction. As the proceedings, by which it was incorporated as a city of the fourth class, took place upon a petition of the inhabitants as in case of an unincorporated town, village or city (R. S. 1889, sec. 977), if these premises are true, the conclusion is just.

We find, on examination of the record that the town of Thayer was incorporated as a village under the statute by the county court of Oregon county at its November term, 1889 ; but that the petition for the incorporation and the order of the incorporation itself gave to the village the following absurd and impossible boundary : "Beginning at the center of section 29, and running west to the center of section 30; thence south to the southwest corner of the northeast corner of the southeast quarter of section 30 ; thence east on the quarter-section line to the southeast of the northeast quarter of the southwest quarter of section 32 ; thence north to the center of section 29, the place of beginning. all in township 22, north, of range 5, west, in Oregon county, Missouri."

By the terms of the governing statute, whenever a village is incorporated by an order of the county court, "the county court may declare such town or village incorporated, designating in such order the metes and bounds thereof, and, thenceforth, *the inhabitants within such bounds* shall be a body politic and corporate," etc. R. S. 1889, sec. 1666. It thus appears that the metes and bounds are the essential mode prescribed by the statute for identifying the corporation, and that, unless these are properly described in the order of incorporation, such order is void, since it cannot be known what inhabitants of the county are incorporated, and what are left out.

The statute (R. S. 1889, sec. 1666) also provides for a change of the boundaries on petition to the county court; but this necessarily assumes that the village has been properly incorporated by boundaries sufficiently designated. If the village has not been incorporated by reason of the fact that no certain boundaries are designated in the order of incorporation, it is too plain for argument that this defect cannot be doctored up by the acts of the village attorney in appearing before the county court and procuring an order amending the metes and bounds of the supposed corporation.

We must, hence, conclude that the original order incorporating the village of Thayer was void for want of certainty in the description of its metes and bounds. This being so, it was not necessary to have the village disincorporated under the statute, in order to enable the inhabitants to proceed to have the town incorporated as a city of the fourth class in the manner pointed out by the statute where the town is not already incorporated. R. S. 1889, sec. 977. It is, therefore, quite immaterial whether the order of disincorporation was valid or void. If void it was merely the void disincorporation of a void corporation. We, therefore, conclude that the town of Thayer is properly incorporated as a city of the fourth class; and as the right of the defendant to hold the

office of mayor of the said city is not challenged on any other ground, we must conclude that the judgment of the circuit court is erroneous. The judgment is, therefore, reversed, and the cause remanded with directions to enter judgment for the defendant. It is so ordered. All the judges concur.