J. W. FURRH ET AL. v. THE STATE OF TEXAS, EX REL., ETC.

No. 698.

1. **Petition to Incorporate a Town or Village for School Purposes only must Designate Boundaries.**—Under our statute for the incorporation of towns and villages with adjacent territory for school purposes only, it is essential that the boundaries of the proposed corporation be designated in the petition of the voters upon which the election is ordered. The process by which the law shall be put into effect incorporating such locality for school purposes is in the nature of an act of legislation, and every requisite of the law must be strictly followed. The county judge has not authority to change the boundary in any respect, or to set out in his order any boundary not contained in the petition; and if the petition of the voters gives no boundary, the order based upon it and the election under it are void.

2. **Pleading—Information in Nature of Quo Warranto.**—In a proceeding by information in the nature of quo warranto against the trustees of such school corporation, where the pleadings of the respondents fully showed the failure of the petitioners for incorporation to set out properly the boundary to be incorporated, a demurrer thereto was properly sustained.

APPEAL from Harrison. Tried below before Hon. W. J. GRAHAM.

*Charles E. Carter*, for appellants.—1. The court erred in sustaining plaintiffs' special exception contained in plaintiffs' first supplemental petition to defendants' answer, and rendering judgment for plaintiffs on defendants' answer, said special exception of plaintiffs being as follows: "Said answer, setting up that the notice of the election contained a statement of the boundaries of the pretended district of Waskom, is insufficient." Rev. Stats., art. 509.

2. The answer of defendants showed a good title in themselves to the offices, and that the incorporation of Waskom was regular and according to law, and it was error to render judgment on said answer. High on Ex. Legal Rem., secs. 712, 716; Rev. Stats., arts. 507–510, 512–514, 541a–541d, 541f.

*T. P. Young*, for relators, and *J. B. Carter*, for the State.—1. The petition to incorporate a village for school purposes under article 541a of the Revised Statutes, must contain an accurate description of the terri-

tory to be incorporated, and must give the name by which the corporation is to be known.   Acts 1891, 22nd Leg., p. 79; Sayles' Civ. Stats., arts. 541a, 507; Ewing v. The State, 81 Texas, 178; People v. Bennett, 29 Mich., 451.

2. The statement of the boundaries of and name of the proposed incorporation in the notice of the election did not cure the defect in the petition.   Same authorities.

LIGHTFOOT, CHIEF JUSTICE.—This is a proceeding by the State, on the relation of J. D. Rudd and others, by information, in the nature of a quo warranto, against certain trustees of the village of Waskom, in Harrison County.   The respondents and many other persons, inhabitants of the village of Waskom and the vicinity thereof, on the 1st day of July, 1892, presented to the county judge of Harrison County a petition under article 541a, Revised Civil Statutes of Texas, to incorporate for school purposes.   The petition is as follows:

" We, the undersigned citizens of Waskom and vicinity, hereby petition to incorporate a village school at Waskom, Texas, boundary beginning at State line east of Waskom one mile, running west three miles, and beginning two miles south of Waskom and running four miles north to the north boundary, which will be two miles north of Waskom."

The petition was signed by the requisite number of inhabitants.   On the 19th day of October, 1892, the county judge made the following order:

"And whereas, on the 27th day of September, 1892, the said county judge ordered said election, as required by the statutes of the State of Texas, to be held in the town of Waskom on the 14th day of October, 1892; and whereas, said election was so held and the returns thereof made to the county judge, and a canvass of said returns and *pole* list and tally sheet shows that 81 votes were cast for the incorporation of said town and no vote was cast against said incorporation; it is therefore declared by this order, that the said town of Waskom is incorporated for free school purposes, said incorporation being described as follows, to-wit: Beginning at a point on the Louisiana and State line, two miles south of where the Texas & Pacific Railway crosses the State line; thence west three miles; thence north four miles; thence east three miles to said State line; thence south four miles with said State line to place of beginning. Said town to be known as Waskom, and to have all the rights and liabilities of towns incorporated for free school purposes under the general laws of the State of Texas."

This petition and order show the proceedings which were taken.   The appellants admitted in their answer the substantial part of the plaintiffs' below petition, and that the petition herein copied was the petition upon which the county judge acted.   The answer of appellants did not con-

tain a general denial. The appellees demurred to the answer, and the case was decided by the court below upon the demurrers and admissions in the pleading, and judgment was rendered for appellees, from which this appeal was taken.

*Conclusions of Law.*—Article 507, providing for the incorporation of certain towns and villages, is as follows: " If the inhabitants of such town or village desire to be so incorporated, at least twenty residents thereof who would be qualified voters under the provisions of this chapter, should file an application for that purpose in the office of the judge of the County Court of the county in which the town or village is situated, *stating the boundaries* of the proposed town or village, and the name by which it is to be known if it be incorporated."

Article 541a, as amended by the Act of April 10, 1891, which is the law under which the incorporation of the village of Waskom and vicinity for school purposes was attempted, was as follows: " Towns and villages authorized to incorporate under this chapter, or having 200 inhabitants or over, not desiring to incorporate for municipal purposes, may incorporate for free school purposes only, provided that the territory incorporated shall not exceed four miles square; and when so desiring, an election may be held under the provisions of this title and chapter, and if at said election a majority of the votes cast be in favor of the corporation, it shall be the duty of the county judge to make return thereof and cause a record of the result of such election to be made, the same as is provided by articles 512 and 513 of this chapter; upon which entry being made such town or village shall be regarded as duly incorporated for the purpose of establishing and maintaining a free school therein, and shall upon notice to the State Board of Education by the board of trustees hereinafter provided for, receive such pro rata share of the available school fund as its scholastic population may entitle it to."   *   *   *

The leading question raised on this appeal is this: The petition of the citizens who sought the incorporation of Waskom and vicinity for school purposes having failed to designate the boundaries of the proposed incorporation, would the order of the county judge designating a boundary, and an election held thereon, be a compliance with the statute ?

Upon a careful examination of the decisions of our Court of Criminal Appeals upon the local option statutes, we find, that prior to the Act of 1887 the law only allowed the Commissioners Court to order an election upon the petition of a certain number of citizens, and it was held that the law must be strictly construed, and every requisite of the statute as to the petition and the order of the election must be complied with, or the election was void. In Boone v. The State, 10 Texas Criminal Appeals, 420, Judge Hurt says: " If the election resulted favorably to prohibition, its effect in that territory would be the same as an act of the Legis-

lature; in other words, would be legislative—law making; and therefore every provision of the act authorizing this character of legislation should and must be strictly construed."

In Ex Parte Kramer, 19 Texas Criminal Appeals, 125, Judge Willson said: "In Donaldson v. The State, 15 Texas Criminal Appeals, 25, this court held, that the local option law, 'being for a particular locality only, it is a quasi local or special law, and depends for its validity upon its adoption in conformity with the law permitting its adoption.' And in Boone v. The State, 10 Texas Criminal Appeals, and other subsequent cases, it is held, that the election and all subsequent steps taken in reference thereto must have been in strict pursuance of the act governing the same; otherwise such election is void." Prather v. The State, 12 Texas Crim. App., 401; Aiken v. The State, 14 Texas Crim. App., 142; McMillan v. The State, 18 Texas Crim. App., 375.

In the Prather case it was expressly held, that the petition must comply with the statute. Under the Act of 1887, which permits the Commissioners Court to order a prohibition election, not only upon a petition of a certain number of citizens, but even without such petition, the court has decided that it will not go behind the order of the Commissioners Court to inquire into the validity of the petition, for the reason that the Commissioners Court has the power under said act to order an election without it. Dillard v. The State, 31 Texas Crim. Rep., 470; Ezell case, 29 Texas Crim. App., 525.

The case of The State v. Allegree, 3 Texas Civil Appeals, 437, was one involving the statute now under consideration, but the question presented in this case was not involved or considered.

In this case the petition presented to the county judge was wholly defective, in this, that there was no boundary given within which the election was to be held. If the statute was broad enough to allow the county judge to fix the boundary, or if he had the power to order the election without reference to the petition, as is allowed to the Commissioners Court in local option prohibition elections under the Act of 1887, then it would not be necessary to go behind the order of the county judge to ascertain whether a proper petition had been presented or not. But the Legislature has prescribed that the county judge shall order the election upon the petition of a certain number of citizens of the given locality, and that the petition shall describe the boundary within which such election shall take place. The process by which the law shall be put into effect, incorporating such locality for school purposes, is in the nature of an act of legislation, and every requisite of the law shall be strictly followed. No power is given to the county judge to prescribe or even to suggest the boundary lines. The people in the given locality are to do that in their petition, and the county judge can only order the election for the purpose of ascertaining the will of the people in the given locality. He

has no authority to change the boundary in any respect, or to set out in his order any boundary not contained in the petition; and if the petition gives no boundary, the order based upon it and the election under it are void.

In the case of Ewing v. The State, 81 Texas, 178, Judge Gaines, in discussing the validity of the incorporation of Oak Cliff, which was attacked on the ground that it embraced territory not properly within the city, says: "But it is also urged that the county judge of Dallas County had the power to determine what the limits of the proposed corporation should be, and that having ordered the election to determine whether or not the city should be incorporated within the limits as proposed by the petitioners, his action was conclusive of the question. * * * He is not invested with the power to withhold the order of election because the proposed limits may embrace territory that ought not to be included. It is proper that the boundary of a proposed municipal incorporation should be *distinctly marked by the petitioners* in the application to the county judge. *This would seem essential*, in order that it may be definitely known who are entitled to vote at the election to determine the question of incoporation."

The incorporation in that case was held to be invalid. In this case, as in that, the appellants refer to Goodwin v. The State, 69 Texas, 55, and insist that upon an investigation of the validity of the incorporation we can not go behind the order of the county judge; but the Goodwin case is fully discussed by Judge Gaines, and is shown to have no application whatever to the question of boundary.

Under a somewhat similar statute, the Supreme Court of Michigan, in the case of Shumway v. Bennett, 29 Michigan, 463, 464, fully discusses the question of boundary, and says: "The signers of the petition determine absolutely the contents of the village. * * * The definition of corporate bounds is second in importance to no corporate interests whatever."

Under our statute for the incorporation of towns and villages with adjacent territory for school purposes only, the boundary is of the utmost importance. The statute requires that this should be set out in the petition. The failure of the petitioners for the incorporation of the village of Waskom to set out properly the boundary to be incorporated rendered the whole proceeding void. The pleading of appellants fully shows this failure, and the demurrer was properly sustained.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered January 11, 1894.