# CHARLESTON.

## *In re* Town of Union Mines.

Submitted January 29, 1894.—Decided March 28, 1894.

1. CIRCUIT COURT—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS.

    Chapter 47 of the Code, in relation to the incorporation of cities towns, and villages, in so far as it confers on the Circuit Court functions in their nature judicial and administrative, although in furtherance of the legislative department of the state government, is constitutional and valid.

2. CIRCUIT COURT—APPEAL—MUNICIPAL CORPORATIONS.

    The Circuit Court, in the discharge of such functions, acts as a subordinate branch or tribunal of the legislative, not of the judicial department, and is not subject to the appellate jurisdiction of the Supreme Court of Appeals of this state.

J. E. CHILTON and BROWN, JACKSON & KNIGHT for plaintiff in error :

I.—*The right of parties interested in proposed town to appear and contest validity of proceedings.*—30 W. Va. 81; Code, c. 47, s. 6 ; 36 W. Va. 268.

II.—*Majority of all the qualified voters residing within the proposed territory must vote for incorporation.*—Code, c. 47, s. 8, 9, 48; *Id.* c. 39, s. 15.

III.—*As to the constitutionality of the Act conferring power upon Circuit Courts to incorporate towns.*—Const. Art. V, s. 1; 28 W. Va. 264; 30 W. Va. 479 ; Const. Art. VIII, ss. 3, 12, 23; 29 Mich. 451; 6 Cal. 143; 79 Ill. 152; 1

Wash. (1890) 98; 32 Minn. 540; 23 Neb. 426; 5 Ind. 565; 3 N. Y. 568; 38 Ark. 81.

IV.—*As to Jurisdiction of this Court.*—Const. Art. VIII, s. 3; 36 W. Va. 341; 28 W. Va. 264.

J. W. KENNEDY, A. C. BLAIR and C. B. SMITH, for defendant in error cited Code, c. 47.

DENT, JUDGE:

William Rigg and others applied to the Circuit Court of Kanawha county under chapter 47 of the Code and obtained a charter for the town of Union Mines after having shown by proof satisfactory to said court, that the provisions of said chapter had been fully complied with. The petitioners here appeared in said court and asked to contest the application, but the court refused to allow them to do so, and yet at the same time signed a bill of exceptions setting forth the proceeding of the court on said application and the appearance and contest of petitioners; and thereupon they applied for and obtained a writ of error to this Court and now here assign the following errors, to-wit: "(1) That it did not appear that a majority of the qualified voters residing in the boundaries of the proposed town voted for incorporation ; (2) because of the illegal action of the commissioners who held the election in publicly announcing, at the opening of the polls, in utter violation of the statute, that no person would be allowed to vote who had not resided for six months within the territory ; (3) that the law is unconstitutional, in that and so far as it confers on the Circuit Court legislative powers."

The parties made defendant in this proceeding on their part insist, that this Court has no jurisdiction to entertain a writ of error to review the proceedings (under said chapter 47) of the Circuit Court, as the powers involved are legislative in their nature and are expressly forbidden to this Court by the constitution, and an interference therewith would be an unauthorized assumption of power amounting to usurpation.

Article V of the constitution is in these words: "(1) The legislative, executive and judicial departments shall be

separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the legislature."

Ord. Const. Law, 344, says: "Under a tripartite division of the powers of government, it becomes the duty of the legislature to enact laws, of the judiciary to construe them, and of the executive to enforce them." Yet, while this is the basic principle underlying the separation of the government into its departments, it has been found to be wholly impracticable to make such separation perfect. On the contrary it has been found necessary for its own existence and the proper discharge of its functions that the legislature should exercise both judicial and executive or administrative functions, such as are entirely distinct from a legislative or lawmaking function strictly speaking. In the enaction of every law the legislature is called upon to exercise judicial functions, and especially is this true in granting a charter to a city, town or village, for there must be an inquiry judicial in its nature, as to whether the facts justify the enaction of the law.

But the constitution, to relieve the legislature from being hampered with this inquiry in every case, requires the legislature to enact a general law for the incorporation of all cities, towns and villages of less than two thousand inhabitants, and thus confer or impose the judicial part of its functions, to wit, the investigation of the facts upon some person or tribunal other than itself, over whom the constitution invests it with such control or authority. The constitution does not authorize but forbids the imposition of such a duty on this Court. *Pittsburg C. & St. L. Ry. Co. v. Board of Public Works*, 28 W. Va. 264. By section 3, Art. VIII, of the constitution, the original jurisdiction of this Court is limited to cases of *habeas corpus, mandamus*, and prohibition, and the appellate jurisdiction to all such judicial investigations therein set forth, but which do not include any investigation, in its nature judicial, necessary to enable the legislative and executive departments of the government to properly discharge the functions and exer-

cise the powers bestowed upon and secured to them by the constitution.

This Court can not have its jurisdiction extended beyond the provisions of said section 3 otherwise than by an amendment of the constitution. The last clause of section 12, Art. VIII, is in these words, relating to the Circuit Courts: "They shall also have such other jurisdiction, whether supervisory, original, appellate, or concurrent, as is or may be prescribed by law." This does not authorize the legislature to confer or impose on the Circuit Court any of its functions which are strictly legislative, but only such as are in their nature judicial and administrative, and which by the constitution it is forbidden longer to exercise but is required to direct by general law how and by whom they shall be discharged. *Shephard* v. *Wheeling,* 30 W. Va. 479 (4 S. E. Rep. 635); *Wells* v. *Board,* 20 W. Va. 157 ; *Poteet* v. *Commissioners,* 30 W. Va. 58 (3 S. E. Rep. 97); *Mackin* v. *County Court* (W. Va.) 18 S. E. Rep. 632 ; *Railway Co.* v. *Paul, supra,* p.— (19 S. E. Rep. 551.)

In discharging these functions, the Circuit Court does not act under the judicial branch of the government and is not subject to its supervision, except by *mandamus* or prohibition in a proper case, but acts as a part of the legislative branch of government under the express authority of the constitution and is subject to its supervision and control only, however, by impeachment or amendment or repeal of the law. Hence its action in discharging these legislative judicial functions can not be reviewed by this Court by a writ of error or other ordinary appellate writ notwithstanding their judicial character.

The petitioners insist that, the constitutionality of a law being involved, this Court has jurisdiction. As we have seen, the law is not unconstitutional, but, if it was, still the court would not have jurisdiction. In the case of *Shephard* v. *Wheeling,* before cited, it was held that: "Courts determine what the rights of parties are in suits or controversies *inter partes* which come before them in the ordinary and proper course of judicial procedure. In determining the rights of parties to the suit, they incidentally determine the law ; but the judicial function is as effectually performed

by the court which expresses no formal opinion as by the court which, in an opinion, announces the reasons for its decision." "The general and abstract question whether an act of the legislature be constitutional can not with propriety be presented to a court. The question must be whether the act furnishes the rule to govern the particular case." *Foster* v. *Commissioners*, 9 Ohio St. 540, 543.

The Circuit Court being engaged in the discharge of a legislative function in aid of the legislative department of the state government, the petitioners had no right to appear and contest the issuance of the certificate of incorporation in such manner as to be made parties litigant in a judicial sense, any more than before a committee of the legislature. No appeal is allowed by statute or authorized by the constitution. *Anvil* v. *Iaeger*, 24 W. Va. 583; *McClure* v. *Maitland, Id.* 561; *Mackin* v. *County Court* (W. Va.) 18 S. E. Rep. 632; *Railway Co.* v. *Paul, supra*, p.— (19 S. E. Rep. 551.) There is no case in a judicial sense, in which to raise the question of the constitutionality of this law. This is not a moot-court. There must be a cause or case in the legal sense, or there can be no appeal or writ of error to this Court. Its jurisdiction can only be invoked according to the well-known usual and ordinary methods of legal procedure. Cases in a legal sense do not belong to the legislative department of the government, but are peculiar to the judicial alone.

While this Court is zealously confining the other departments of the government within the limitations of the constitution, it should be cautious not to invade their sacred precincts, and become guilty of a usurpation of their separate powers. The matter of the incorporation of cities, towns and villages belongs distinctively to the legislative not to the judicial department, and can not be transferred in any other way than by amendment of the constitution. This Court could with as much propriety and with equal authority review the judicial functions exercised by the legislature in enacting the charter of a city or town having over two thousand inhabitants as to review the proceedings now under consideration.

The writ of error will therefore be dismissed as improvidently awarded.