# CHARLESTON.

STATE *ex rel* TRUDGEON *v.* BLAIR *et al.*

Submitted March 14, 1894.—Decided December 18, 1894.

CONTEMPT—SUPERSEDEAS.

> The disregard of a *supersedeas* improvidently issued and annulled and vacated for want of jurisdiction will not be punished as a contempt of the lawful process of this Court.

M. JACKSON for relator.

J. W. KENNEDY for respondents.

DENT, JUDGE:

On the application of Charles Trudgeon, a rule was issued by this Court against R. L. Reynolds, L. C. Carter, J. H. Amonett and A. C. Blair requiring them to show

cause why they should not be punished for contempt in violating, disobeying and disregarding a writ of error and *supersedeas* awarded to the orders of the Circuit Court of Kanawha county incorporating the town of Union Mines in said county. The defendants therein appeared to and answered the rule and, to purge themselves of their contempt, alleged, that, at the time said writ of error and *supersedeas* was served upon them, they were engaged in holding an election for the officers of said town in accordance with law, and thereupon an agreement was entered into by the parties interested on both sides of the controversy concerning the incorporation of said town, that the election should proceed to a finality, and no further steps be taken, until the controversy was disposed of in this Court. The truth of this answer was controverted, and by the affidavits filed it seems to be fairly established, that, when the writ of error was executed, one of the defendants—A. C. Blair, an attorney of this Court—advised the continuance of said election, stating that the *supersedeas* was a mere " bluff" and did not amount to anything, and that the commissioners were not bound to regard the same. Mr. Blair seems to have changed his mind afterwards and concluded, that the better part of discretion was to rely upon an under-standing or an agreement rather than upon his advice, and so in his answer he abandons the broad ground, that the writ of error and *supersedeas* did not amount to anything.

This Court has therefore disposed of the *supersedeas* and annulled and vacated the same as improvidently issued concerning a matter, wherein it had no jurisdiction. "It is settled by the authorities, that, if this Court had no jurisdiction to award this process, the parties can not be punished for a contempt in disobeying it; for in such a case the order of this Court granting the *supersedeas* might be treated as a mere nullity." *State* v. *Harper's Ferry Bridge Co.,* 16 W. Va. 877 ; *Swinburn* v. *Smith,* 15 W. Va. 500. By the decision of this Court the question of jurisdiction having been settled [see *In re Town of Union Mines, supra* 179 (19 S. E. Rep. 398)] the defendants will not be punished as for a contempt in disregarding unlawful process,

89

but the *supersedeas* must be treated as a mere nullity, as though it had never been issued. Courts never usurp authority and then punish for contempt of their usurpation. Justice forbids such action. Their process is without legal warrant, and no man is bound to regard it. It would be otherwise, if they had jurisdiction. A man, who disobeys legal process, must decide the question of jurisdiction for himself, and if he makes a mistake, it is his misfortune, and he must suffer the consequences; but if he determines rightly, the courts have no power to punish him.

For the foregoing reasons the rule in this case must be discharged at the costs of the relator, Charles Trudgeon.