# CHARLESTON.

## BLOXTON *et al. v.* MCWORTER, JUDGE.

### Submitted June 1, 1898—Decided March 22, 1899.

1. MUNICIPAL CORPORATIONS—*Circuit Court—Prohibition.*
    Under section 9, chapter 47, Code, "Upon filing of such certifi cate of the result [of the vote on the question of incorporation] and upon satisfactory proof that all the provisions of the forego ing sections of this chapter have been complied with, the circuit court shall, by an order entered of record, direct the clerk of the said court to issue a certificate of the incorporation of such city, town or village." In deciding upon the sufficiency of such proofs, the court was exercising the legitimate powers conferred upon it by the statute; and, having jurisdiction of the subject-matter, prohibition will not lie. (p 35).

2. MUNICIPAL CORPORATIONS—*Certificate of Incorporation—Pro-hibition.*
    And in entering the order directing the clerk of said court to issue a certificate of the incorporation of such city, town, or vil lage, after deciding upon the sufficiency of said proofs, the court was performing a merely ministerial duty, as it had no discre tion after being satisfied with the proofs, and prohibition will not lie (p 36.)

Application of R. J. Bloxton and another for a writ of prohibition against J. M. McWhorter, Judge of the circuit court, and others.

*Writ Denied.*

ST. CLAIR & WALKER and BROWN, JACKSON & KNIGHT, for petitioners.

C. W. DILLON and FLOURNOY, PRICE & SMITH, for respondents.

McWHORTER, JUDGE:

Application was made to the circuit court of Fayette County by John Poteet, Stewart Blake, J. S. Boggess, W. W. Garrettson, and N. M. Jenkin, under the provisions of chapter 47 of the Code, for the incorporation, to be called the town of "Hill Top," of certain territory in the district of Fayetteville, in said county, containing one thousand eight hundred and three acres, and a population of two hundred and eighty-one. On the 1st day of March, 1898, an order was made by the said court reciting that satisfactory proof was made that all the provisions of chapter 47 of the Code had been complied with, and incorporating the said territory; describing the same as appeared by the report of the surveyor made and filed in the case, as prescribed, and appointing three legal voters residing within said territory to act as commissioners of election at the first election to be held in said town. On the 12th day of March, 1898, R. J. Bloxton and J. E. Garrett, residents and voters within the boundaries of said town, appeared by counsel, and objected to the court authorizing a charter to be issued to said town, and moved the court to set aside the order entered on the 1st day of March, on the ground that the survey and map filed with the application were not in compliance with the statute in such case made and provided, and tendered in support of said motion the affidavits of H. L. Tansall and Thomas Nichol, which were filed; and the applicants, by their counsel, appeared and objected to said motion, which motion, being argued, was overruled, to which ruling of the court said Bloxton and Garrett, by their attorneys, objected and excepted. The said Bloxton and Garrett tendered their petition to this Court, praying a writ of prohibition against J. M. McWhorter, Judge of said circuit court, and the said applicants, and W. E. Harvey, John Poteet, and S. E. Wriston, the commissioners so appointed to hold the said first election, praying that all of said defendants, except McWhorter, Judge as aforesaid,

3

be prohibited and restrained from holding any election for officers of said pretended town, which petition was verified by affidavit. A rule was issued requiring said defendants to appear and show cause why such writ of prohibition should not issue as prayed for, and prohibiting and restraining said defendants, except McWhorter, Judge as aforesaid, as prayed for in the said petition, until the further order of the court. On the 1st day of June the parties appeared by their attorneys, and the respondents demurred to the petition, and moved the court to quash the rule; and the case was fully heard upon said petition, and said motions and arguments of counsel.

It is insisted by respondents that this Court has no jurisdiction, because, in the discharge of its duties imposed upon it in relation to the incorporation of cities, towns, and villages, the circuit court is acting as a subordinate branch or tribunal of the Legislature, and not in the judicial department of the State government, and therefore its proceedings in such matters cannot be controlled by the judicial department. Section 8 of chapter 47 provides for the return of the election of which notice was given in the application under section 6, and that the result of the vote shall be certified and returned under oath by the three voters under whose superintendence the vote was taken. And section 9 provides that, "upon the filing of such certificate and upon satisfactory proof that all the provisions of the foregoing sectons of this chapter have' been complied with, the circuit court shall, by an order entered of record, direct the clerk of the said court to issue a certificate of the incorporation of such city, town or village, in form or substance as follows:" (giving the form of the certificate of incorporation); such section closing with, "and from and after the date of such certificate the terriory embraced within the boundary mentioned in said certificate shall be an incorporated city, town or village, by the name specified in the said notice and certificate." *In re Town of Union Mines,,* 39 W. Va. 179 (19 S. E. 398, Syl.): "(1) Chaper 47 of the Code, in relation to the incorporation of cities, towns, and villages, in so far as it confers on the circuit court functions in their nature judicial and administrative, although in furtherance of the legislative

department of the state government, is constitutional and valid.   (2)   The circuit court, in the discharge of such functions, acts as a subordinate branch or tribunal of the legislative, not of the judicial, department, and is not subject to the appellate jurisdictionof the Supreme Court of Appeals of this •State." And Judge Dent, in discussing the subject in that case, says., "The circuit court being engaged in the discharge of a legislative function in aid of the legislative department of the state government, the petitioners had no right to appear and contest the issuance of the certificate of incorporation in such manner as to be made parties litigant in a judicial sense, any more than before a committee of the legislature.  *  *  *   This Court could, with as much propriety, and with equal authority, review the judicial functions exercised by the legislature in enacting the charter of a city or town having over two thousand inhabitants, as to review the proceedings now under consideration."   Section 1, chapter 110, Code, provides that "the writ of prohibition shall lie as a matter of right, in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject-matter in controversy, or having such jurisdiction, exceeds its legitimate powers."  Had the circuit court jurisdiction, and, if so, did it abuse its powers?  The circuit court is given a special and exclusive jurisdiction in the matters in question, under chapter 47 of the Code,—partly legislative and partly judicial and administrative.   Under section 9, "upon the filing of such certificate and upon satisfactory proof that all the provisions of the foregoing sections of this chapter have been complied with the circuit court shall by an order entered of record direct the clerk of said court to issue a certificate of the incorporation of such city, town or village," etc.   The action complained of is that, although the court decided the proof was satisfactory, it was not sufficient; therefore the court decided wrong.   Suppose it did?   This is the power conferred upon the court by the statute, and which it is required to exercise; and, whether it decides right or wrong, it is only exercising the powers conferred upon it; and in deciding that the proofs were satisfactory the court was exercising its legitimate judicial functions; and, having jurisdiction of the subject-

matter, prohibition will not lie; and in entering the order, being satisfied with the proof, it was performing merely a ministerial duty, and prohibition will not lie.   *Fleming* v. *Commissioners,* 31 W. Va. 608, (8 S. E. 267, Syl. point 4): "Prohibition lies only in case of the unlawful exercise of judicial functions.   Acts of a merely ministerial, administrative, or executive character do not fall within its province."   And point 6:   "Mere errors and irregularities of such commissioners, proceeding within their jurisdiction, are not subject to prohibition."

Petitioners contend that the certificate of incorporation is void because of alleged defects in the proceeding.   It appears from the record that the proceedings were all regular, and the court judicially passed upon the proof of all things done, and held that the same was satisfactory to the court; that all the provisions of chapter 47 had been complied with.   Petitioners say that while this Court held "*In re Town of Union Mines, supra,* that objectors to incorporation cannot be made parties litigant in the proceedings, and have no right to an appeal or other ordinary appellate writ, it has in the same case indicated that the action of the circuit court is subject to the supervision of this Court by *mandamus* or prohibition.   And we see no reason why it should change the opinion thus expressed." The opinion says:   "In discharging these functions the circuit court does not act under the judicial branch of the government, and is not subject to its supervision, except by *mandamus* or prohibition, in a proper case, but acts as a part of the legislative branch of the government, under the express authority of the Constitution, and is subject to its suprevision and control only, however, by impeachment or amendment or repeal of the law.   Hence its action in discharging these legislative-judicial functions cannot be reviewed by this Court by a writ of error or other ordinary appellate writ, notwithstanding their judicial character." That is, in case persons desiring to obtain a certificate of incorporation of proper territory should comply fully with all the requirements of the statutes for the purpose, and make application in due form, and the circuit court should arbitrarily refuse to entertain such application, *mandamus* would lie to compel action; or, on the other hand, if the

court should undertake to incorporate territory included
within another incorporated city, town, or village, or con-
taining a resident population of less than one hundred, or
containing less territory than one-fourth of one square
mile in extent, as provided by statute, it would probably
be "a proper case" for prohibition. Petitioners cite *Furrh*
v. *State*, 6 Tex. Civ. App. 221, (24 S. W. 1126), as "a case
exactly in point." I fail to see the similarity. The stat-
ute of Texas is somewhat similar to ours,—permitting
towns and villages, however, to incorporate for free-school
purposes only. This was a proceeding by information
against the trustees, in the nature of a *quo warranto;* and
Lightfoot, C. J., in his opinion, says: "The leading ques-
tion raised on this appeal is this: The petition of the citi-
zens who sought the incorporation of Waskern and vicinity
for school purposes having failed to designate the bound-
aries of the proposed incorporation, would the order of the
county judge designating a boundary, and the election held
thereon, be a compliance with the statute?" In the case at
bar we have the same boundary described in the applica-
tion, the report of survey of the surveyor, and also in the
order and certificate of incorporation. The several cases
cited by petitioners (*State* v. *Tucker*, 48 Mo. App. 531;
*Town of Enterprise* v. *State*, 29 Fla. 128, (10 South 740);
*Furrh* v. *State, supra*) are all proceedings in the nature of
*quo warranto*. In the Florida Case (*Town of Enterprise*
v. *State*) Syl. point 6: "The rule is well settled that no
collateral attacks can be made upon the existence of a cor-
poration. Such bodies derive their being from the sover-
eign will of the people, and, so long as the state does not
question their existence, it cannot be controverted in a col-
lateral way on account of irregularities and defects in their
organization." Also, in the case of *Howell* v. *Kinney*, 99
Ga. 544, (27 S. E. 204), cited by petitioners, where the
change of militia lines were brought in question in a col-
lateral proceeding, Justice Lumpkin, in his opinion, says:
"It has frequently been held by this court that the deter-
mination by an ordinary, or board of county commission-
ers, in proceedings to change militia district lines, cannot
be directly reviewed by *certiorari* or otherwise. While
we are not in the least degree disposed to call in question

the correctness of this proposition, we are at the same time quite sure that it is within the power of the superior court or of this court to declare such proceedings, and the final action taken therein, absolutely void, whenever it becomes apparent that there was no law authorizing the same, or is manifest that no attempt is made to conduct them in conformity with valid existing regulations governing such proceedings, or that the action taken was in utter disregard thereof." It will be readily seen that the case at bar is wholly different. Here it is only claimed that the court erred in granting the order of incorporation because the description of the boundaries of the territory was not sufficient. The court, in the exercise of its judicial functions, solemnly decided that the proof was sufficient. And it was acting in a matter in which it unquestionably had jurisdiction directly under the statute, and upon questions which the law required it to pass upon judicially; and, if the court erred or committed irregularities, it cannot, as we have seen, be corrected on prohibition.

Petitioners complain, also, of the large extent of the territory incorporated. This question is fully discussed and disposed of in *Davis* v. *Town of Point Pleasant*, 32 W. Va. 289, (9 S. E. 228), and cases there cited. The writ of prohibition is refused, and the petition dismissed.

*Writ Denied.*