# CHARLESTON

## McLean v. State.

Submitted January 29, 1907.    Decided March 12, 1907.

1. TAXATION—*Assessment—Real Estate—Review by Courts—Court of Appeals—Jurisdiction.*

   There is no jurisdiction in this court for a writ of error taken by the State from the decision of a circuit court made on appeal under section 10, chapter 15, Acts 1904, in a proceeding by a land owner to correct a reassessment of the value of real estate under said section.  (p. 537.)

Error to Circuit Court, Jackson County.

James McLean appealed from a refusal of the county court to release an assessment.   From an order of the circuit court directing the assessment to be stricken from the tax book, the State brings error.

*Dismissed.*

CLARKE W. MAY, Attorney General, for the State.

WM. O. PARSONS. for defendant in error.

BRANNON, JUDGE:

James  McLean  filed  a petition  in  the  county court of Jackson county complaining' that the  commissioner for re-assessment  of  lands acting under the reassessment act, chapter 15,  Acts of 1904, had charged to him oil and gas reservations in 1727 acres of land at one  dollar per acre, and averring  such  reservations possessed no actual value, and that such  charge was erroneous, and  praying that such assessment be  released and  stricken  from the land book. Upon hearing the county court refused to release such assessment.   On appeal to the  circuit court taken by McLean the circuit court held  that the assessment of such oil and gas reservations was erroneous for the reason that the same were not shown by the evidence to have any true and actual value for taxation, and ordered the charge to be stricken from the tax book.   The State sued out a writ of error from this Court.

Has this Court jurisdiction of this writ of error?    It is a

fixed rule that unless a statute, pursuant to the constitution, grants a writ of error in the case, none can be entertained in this Court. *State* v. *Shumate*, 48 W. Va. 360; *Carskadon* v. *Board*, (decided March 1907.) Chapter 15, Acts of 1904, section 10, gives the county court power to hear petitions for correction of error made by the reasessment commissioner in his valuation of land, and gives an appeal to the circuit court to both State and land owner; but it does not give an appeal or writ of error to this Court from the decision of the circuit court on such appeal. The statute for correction of annual assessment, Acts 1905, chapter 35, section 129, if it applies, gives the land owner an appeal from the county court to the circuit court, but not to the state. A writ of error is not given to this Court. I do not see any jurisdiction under those statutes for a writ of error. *Mackin* v. *County Court*, 38 W. Va. 338, 342, 347. I cannot see any place for this writ of error under the general chapter relating to writs of error. Chapter 135, Code.

I do not discuss the question whether this matter is judicial, so as to warrant a writ of error, if given by statute, under principles found in the *Mackin case*, cited, and *Town of Union Mines*, 39 W. Va. 179, and other cases. There is no writ of error given by statute in this matter.

We dismiss the writ of error for want of jurisdiction.

*Dismissed.*