# CHARLESTON

BLUEFIELD WATER WORKS, ETC. CO. v. STATE.

Submitted January 28, 1908.     Decided February 4, 1908.

TAXATION—*Assessment—Review by Courts.*

 There is no jurisdiction for a writ of error in this Court from the decision of a circuit court made upon appeal from a county court in a proceeding under Code, chapter 29, section 129, as that section appears in chapter 35, Acts of 1905, p. 247, brought in a county

court by a corporation to be released from an alleged erroneous assessment of its property returned for taxation, because of the refusal of the county court and assessor to deduct indebtedness of such corporation from its money, credits and investments. (p. 482.)

Error to Circuit Court, Mercer County:

Application by the Bluefield Water Works & Improvement Company to correct an assessment.    An order of the county court refusing relief was reversed by the circuit court, and the State brings error.

*Dismissed.*

J. FRANK MAYNARD and A. M. SUTTON, for the State.
A. W. REYNOLDS, for defendant in error.

BRANNON, JUDGE:

The Bluefield Water Works & Improvement Company, a West Virginia corporation, filed with an assessor of Mercer county a report or statement of its property for taxation for the year 1905, as provided by Code, chapter 29, section 77, as found enacted in chapter 35, Acts 1905, p. 317, (Code of 1906, section 761), showing its taxable property and also its indebtedness. The assessor refused to allow such indebtedness as a set-off against the money, credits and investments of the corporation. Then the corporation applied to the county court to correct the assessment by deducting such indebtedness from its money, credits and investments, and the county court, having refused relief, the corporation appealed the matter to the circuit court, which reversed the action of the county court, and allowed such deduction of indebtedness, and corrected the assessment, and ordered a refund of a portion of the taxes. From this action of the circuit court the State of West Virginia has sued out a writ of error from this Court.

The question of jurisdiction of this Court to entertain this writ of error has not been made by counsel; but this Court has often said, and it is an axiom of court procedure, that a court must, before acting on the merits of a suit or writ of error, look to its own jurisdiction, because it is forbidden to act where there is no jurisdiction, and its action is likely void, and besides the court ought not assume jurisdiction when it has none, and thus set a bad precedent.

It is very plain from established law that a writ of error does not lie except where the law gives it. A decision of a court is final, unless the law gives access to another court. A writ of error in this Court must come from statute law. So we said in *McLean* v. *State*, 56 S. E. 884, 61 W. Va. 537. See many cases cited in Encyclopedic Digest, vol. 1, p. 476. The proceeding so begun in the county court is purely a statutory proceeding for the correction of assessment of taxes. The remedy is given only by the statute in section 129 found in said chapter 35, Acts of 1905, p. 347. It will there be seen that the taxpayer is allowed to go into the county court for relief against improper assessment, and if that court refuses him relief, he is allowed an appeal to the circuit court; but there is no appeal given by that statute from the decision of the circuit court. Neither party is given a writ of error or appeal from the circuit court. It will be noticed that an appeal from the county court to the circuit court is given to the taxpayer, but none to the State, and neither is given any writ of error or appeal from the judgment of the circuit court to this Court. The fact that the taxpayer alone, and not the state, is granted an appeal to the circuit court indicates sedate purpose by the Legislature to limit the right of appeal, and tends to show that it was the sedate purpose to allow neither side to come to this Court, but to end the matter without protracted litigation. The giving an appeal to the taxpayer only indicates an intention not to grant the state any relief. The omission to give either side access to the Supreme Court seems intentional. In *McLean* v. *State, supra,* we held that the state could not maintain a writ of error from the decision of a circuit court made on appeal from the county court in a proceeding by a land owner to correct reassessment of the value of real estate under a reassessment act, and for the reason that the statute gave no such writ of error. A similar principle prevails in this case. It is useless to discuss this matter more at large. I cannot see that I can add anything to what is said in that case and in *Mackin* v. *County Court*, 38 W. Va. 338. It seems to me that this case does not involve the question of power to tax a subject, the right of taxation, but is one merely of assessment of valuation, a question of amount of tax. No question exists as to the taxability of the property.

The indebtedness is not taxed; it is only, a · question of whether taxes properly assessed shall be reduced by deduction of debts. But even if it were otherwise I could not see where there would be the authority for a writ of error. If any remedy exist in such case, it is not by writ of error.

For these reasons we think there is no jurisdiction for this writ of error in this Court, and we dismiss it for want of jurisdiction to entertain it.

*Dismissed.*